56 CCPA

## Application of the ANTENNA SPECIALISTS CO., Assignee of the Anzac Corporation.

### Patent Appeal No. 8080.

United States Court of Customs and Patent Appeals.
April 10, 1969.

Albert L. Ely, Jr., Cleveland, Ohio, for appellant.

Joseph Schimmel, Washington, D. C. (Jack E. Armore, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH and ALMOND, Judges.

WORLEY, Chief Judge.

This is an appeal from a decision of the Trademark Trial and Appeal Board [1] affirming the examiner's refusal of appellant's application [2] to register

2. Application of The Antenna Specialists Co., Assignee of The Anzac Corporation; Serial No. 145,433, filed May 25, 1962.

"ANZAC" on the Principal Register for "Automotive Test Equipment, namely electronic and electrical indicating devices for measuring performance and/or condition by meter readings." A specimen submitted with the application showing how "ANZAC" is applied to the goods is reproduced here:

The examiner refused to register "ANZAC" because, as employed by appellant, it is only part of the corporate name and functions only as a trade name and not as a trademark. The board agreed, relying on In re Walker Process Equipment Inc., 43 CCPA 913, 233 F.2d 329, 110 USPQ 41 (1956) and In re Lyndale Farm, 38 CCPA 825, 186 F.2d 723, 88 USPQ 377 (1951).

We are struck by the resemblances between the present situation and that faced by this court in *Walker*. Here the specimens bear the legend "THE ANZAC CORP." in close proximity to the address of the company, "CLEVE-

LAND, O.," while in *Walker* the specimens showed the legend sought to be registered, "Walker Process Equipment Inc.", was accompanied in close proximity by the address "Aurora Illinois" or "Aurora Ill. U. S. A." That use of the address in proximity to the legend led us to observe in *Walker*:

> Moreover, in the instant case, each of the specimens includes the words "Aurora Illinois" or "Aurora Ill. U. S. A." displayed in such a manner as to make it clear they indicate the location of Walker Process Equipment Inc. In the *Lyndale Farm* case [supra], this court said:

>> Furthermore, the inference is created by the addition of the address "Floydada, Texas" to the placard that the use here involved does not so much distinguish appellant's cattle as it identifies appellant as the source of the shipment while the crate and its contents are in transit. That is trade name usage as distinguished from trade-mark usage.

> Similarly here the addition of the address of Walker Process Equipment Inc. suggests that the name of the corporation is not being used as a trade-mark.

Another aspect of similarity of this case to *Walker* is that in each situation the specimens submitted bore an additional trademark, independent and distinct from the corporate name, namely appellant's registered[3] mark "▲●" here and the mark "Proquip" in *Walker*. In that connection we observed in *Walker*:

> Since the word "Proquip" is a trade-mark, it must necessarily iden-

tify and distinguish the goods to which it is applied, and being the most prominent feature of the specimens presented, it is obviously intended to be the principal means of identification. The words "Walker Process Equipment Inc." are therefore clearly unnecessary so far as any trade-mark purpose is concerned, since the goods are sufficiently identified without them by an arbitrary word which would normally be considered to be a trade-mark. While it may be that two or more distinct trade-marks may be applied simultaneously to the same goods, that is clearly not the usual practice, and where, as here, the most prominent feature of a label is a word which is unquestionably a trade-mark, the natural inference would be that the remaining words on the label are not to be considered a trade-mark.

About the only difference of possible legal significance that we can observe between the present situation and *Walker* is that only a part of the corporate name is sought to be registered here whereas in *Walker* registration of the entire corporate name "Walker Process Equipment Inc." was sought. That difference, however, does not run to the determinative issue: whether there has been *use as a trademark by appellant*[4] of the term "ANZAC" in view of the specimens. Application of the reasoning we adopted in *Walker* to the facts of the present case requires that we affirm the decision of the board.

Affirmed.

BALDWIN, J., took no part in the consideration or decision of this case.

---

3. Reg. No. 755,933, registered Sept. 3, 1963.

4. Appellant's brief is replete with conjecture that other people, such as garage mechanics, may be using "ANZAC" as a term to identify appellant's goods. That conjecture does not convince us that appellant has made trademark use of "ANZAC".